JOURNAL ENTRY AND OPINION
Defendant-appellant Larry Wimberly ("Wimberly") appeals from the trial court's determination that he was a sexual predator pursuant to R.C. 2950.09(C). For the reasons adduced below; we affirm in part, reverse in part, and vacate the determination of sexual predator status.
A review of the record on appeal indicates that Wimberly pled guilty on September 13, 1989 to the following: (1) one count of Aggravated Burglary [R.C. 2911.11]; (2) one count of Gross Sexual Imposition [R.C. 2907.05]; and, (3) one count of Burglary [R.C.2911.12]. See Cuyahoga County Common Pleas Court Case No. 237301. The victim of the sexual offense was a nine-year-old girl who was awakened in her bed in the early morning hours of the offense to find her buttocks being fondled by Wimberly. He was sentenced on September 15, 1989 to a term of fifteen years.
On April 29, 1998, the trial court commenced a sexual predator determination hearing with regard to Wimberly pursuant to R.C.2950.09. Subsequent to the hearing and based on the evidence presented, the court determined on May 13, 1998 that Wimberly was a sexual predator. The notice of appeal from that sexual predator determination was filed on June 9, 1998.
Eleven (11) assignments of error are presented for review.[1]
 I H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This assignment and its identical argument was previously addressed by this appellate court and found to be without merit. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 1-2, citing State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570, paragraph two of the syllabus.
The first assignment of error is overruled.
 II THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
This assignment argues that Wimberly's procedural due process rights were not afforded protection during the determination hearing procedure provided by R.C. 2950.09(B). Specifically, Wimberly complains that his sexual predator determination was based solely on evidence and testimony from his prior conviction in 1989 which he could not cross-examine at the determination hearing. This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 2-4.
The second assignment of error is overruled.
 III THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E).
In the case sub judice, the court relied solely on the fact that Wimberly had been convicted in 1989 for Gross Sexual Imposition in fondling the victim's buttocks and the age of the victim in determining that Wimberly was a sexual predator. No witnesses were presented at the hearing and no further evidence was taken relative to whether Wimberly was a risk to be a repeat offender in the arena of improper sexual relations with others. With particularity, the prosecution, in detailing the applicability of the factors contained in R.C. 2950.09(B)(2), stated, "the only reason we are seeking that [the sexual predator determination for Wimberly] is based on the fact of the innocent age of the victim [R.C. 2950.09(B)(2)(c)], and the fact that he snuck into her bedroom in the early morning hours of the day of the day of the offense." See hearing transcript at 7 [explanatory note added]. The offense of Gross Sexual Imposition, which Wimberly pled guilty to in 1989, qualifies as a sexually oriented offense pursuant to R.C. 2950.01(D)(1). Accordingly, the first prong of R.C. 2950.01(E)'s definition of sexual predator is demonstrated. However, the question remains whether the factor of the age of the victim, by itself, demonstrates by clear and convincing evidence that Wimberly "is likely to engage in the future in one or more sexually oriented offenses" for purposes of labeling Wimberly a sexual predator under the second prong of the definition for sexual predator. See R.C. 2950.01(E), .09(B)(2)(c) and (3). In a factually similar case, this court determined that the age of the victim, by itself, was insufficient to demonstrate by clear an convincing evidence that the offender was predisposed to engaging in the future in sexually oriented offenses. See, State v. Patterson (February 11, 1999), Cuyahoga App. No. 72448, unreported, 1999 Ohio App. LEXIS 446 (fact of the three-year-old age of the victim and prior criminal conviction for sexually oriented offenses [Rape and Gross Sexual Imposition], without more, is an insufficient basis for a sexual predator determination)
Accordingly, the third assignment of error is sustained and the matter reversed, in part, and the determination of sexual predator is vacated.
 IV APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
In this assignment, appellant argues that the registration and notification requirements contained in R.C. 2950.09(C) distinguish between current and former prison populations without a rational basis. This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 8-12.
The fourth assignment of error is overruled.
 V APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.E. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant argues that the "clear and convincing evidence standard in the sexual predator hearing for those offenders currently imprisoned creates a different classification from those offenders indicted with a sexual predator specification and entitled to have a jury determine the specification by proof beyond a reasonable doubt." See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 12. This identical argument was found to be without merit by this appellate court. Id.
The fifth assignment of error is overruled.
 VI H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 12-14.
The sixth assignment of error is overruled.
 VII
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 14-15.
The seventh assignment of error is overruled.
 VIII H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10
OF THE OHIO CONSTITUTION.
This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 15-16.
The eighth assignment of error is overruled.
 IX THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
This identical argument, in which Wimberly, like the appellant in Ward, limits the scope of the argument solely to the notice requirements of R.C. 2950 and not the registration requirements, was found to be without merit by this appellate court. See Statev. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 16-18.
The ninth assignment of error is overruled.
 X H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHT (sic) AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
This identical argument was found to be without merit by this appellate court. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 18.
The tenth assignment of error is overruled.
 XI APPELLANT'S GUILTY PLEA IN THE CASE AT BAR WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED, IN VIOLATION OF CRIM.R. 11(C), WHERE APPELLANT WAS NOT INFORMED OF THE EFFECTS OF HIS PLEA.
This identical argument, that the trial court taking his guilty plea in 1989 had a duty pursuant to Crim.R. 11 to inform Wimberly of possible registration and notice requirements, was found to be without merit by this appellate court. See State v.Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, at 18-20.
The eleventh assignment of error is overruled.
Affirmed in part, reversed in part, and sexual predator determination vacated.
This cause is affirmed in part, reversed in part, and vacated.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES M. PORTER A.J. and
 LEO M. SPELLACY, J., CONCUR.
 _________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] "The court has reviewed a copy of the defendant-appellant's brief in State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported, 1999 Ohio App. LEXIS 190, and Wimberly's appellate brief and finds the argument section utilized by Wimberly's counsel to be strikingly similar to that utilized by Ward's counsel; almost a verbatim copy of Ward's entire argument section. The court suggests to Wimberly's counsel that in future practice he should cite to the source of his putative work product.